```
Walter M. Yoka, SBN 94536
Anthony F. Latiolait, SBN 132378
Alice Chen Smith, SBN 251654
YOKA & SMITH, LLP
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071
Tel.: (213) 427-2300 - Fax: (213) 427-2330
Email: alatiolait@yokasmith.com
Email: asmith@yokasmith.com
Attorneys for Defendant, CONTINENTAL TIRE THE AMERICAS, LLC
```

FILED

12 SEP -7 PM 2:52

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: \_\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER PACHECO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CONTINENTAL TIRE THE AMERICAS, LLC; FORD MOTOR COMPANY; and Does 1 to 20, Inclusive,<br><br>　　　　Defendants. | Case No. 12-cv-267 MMA (WMc)<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　It is hereby ORDERED that all documents and other materials produced by Continental Tire the Americas, LLC. ("CTA"), either voluntarily or by Order of the Court, have been and will be produced under the following conditions:

### I.

　　　　A.　　The parties recognize that discovery in this matter may call for the production of materials containing confidential and proprietary business, research, development and/or other commercially sensitive information of CTA, and that CTA has a protected proprietary and property interest in those materials.

B.   When used in this Protective Order, the word "CONFIDENTIAL" means designated business, research, development, and other confidential and/or proprietary information of CTA.

C.   When used in this Protective Order, the term "CONFIDENTIAL MATERIAL" means all designated CONFIDENTIAL written materials, computer documents, design drawings, mold drawings, tire standards, claims histories, adjustment data, testing documentation, videotapes, answers to Interrogatories, responses to Requests for Production, responses to Requests for Admissions, deposition transcripts, documents produced by CTA to any governmental agency or body such as the National Highway Traffic Safety Administration ("NHTSA") at any time and deemed by that agency or body to be confidential pursuant to 49 CFR § 512, or other similar regulations, and all other designated tangible items which disclose CONFIDENTIAL INFORMATION. The term "CONFIDENTIAL INFORMATION" shall mean any information contained in CONFIDENTIAL MATERIAL.

D.   In order to designate a portion of any document or other printed material as CONFIDENTIAL, CTA shall mark the designated pages of the material with the following legend: **CONFIDENTIAL- DISCLOSURE OF THIS INFORMATION IS SUBJECT TO A PROTECTIVE ORDER AND MAY ONLY BE USED IN THE CASE OF *JAVIER PACHECO* vs. *CONTINENTAL TIRE THE AMERICAS, LLC, ET AL.*, CAUSE NO. 33:12-CV-267-MMA-WMC, AND NOT FOR ANY OTHER PURPOSE WHATSOEVER.** The Confidentiality legend shall be placed in a manner that does not cover, obscure, or impair the legibility of any information contained within the material. In order to designate a computer database, disc, compact disc, drive, or other electronically recorded material as CONFIDENTIAL, CTA shall mark the case or envelope containing the material with the word CONFIDENTIAL or apply the confidentiality legend set forth above. Documents printed from such electronic media shall be marked the same as documents originally produced on paper. In the case of a deposition or oral examination, counsel for CTA may, during the deposition, designate on the record that testimony involving CONFIDENTIAL MATERIAL be held *as* CONFIDENTIAL, and the entire deposition transcript will be treated *as* CONFIDENTIAL until counsel for CTA receives

a transcript of the deposition and for 30 days thereafter. After receipt of the deposition transcript, CTA shall identify by page and line the portion of the material that CTA intends to designate as CONFIDENTIAL in a written letter served to all counsel of record and court reporter within 30 days after receiving the written deposition transcript from the court reporter. Only the portions of the deposition transcript designated by CTA during this time period shall remain CONFIDENTIAL. The parties stipulate that the court reporter or videographer for any such depositions will be given a copy of this Protective Order, will execute an acknowledgement thereof; and shall not disclose to anyone (other than the COVERED PERSONS as defined in Section I E below) any deposition testimony or exhibits in this lawsuit.

E. When used in this Protective Order, the term COVERED PERSONS includes only the following: (1) the Court and all Court personnel; (2) the named parties, other than CTA in this litigation; (3) the named counsel of record for all parties other than CTA in this litigation and their employees, to the extent reasonably necessary for such persons to render assistance in this litigation; and (4) experts retained or consulted by counsel of record for any party other than CTA to assist in the preparation, prosecution, or evaluation of this litigation.

## II.

Absent a further order of the Court, CONFIDENTIAL MATERIAL, as described in Sections I.C and I.D, shall not be used for any purpose other than the prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed in any manner to anyone other than COVERED PERSONS without the prior written agreement of CTA or order of the Court after due notice to CTA.

## III.

Before showing or divulging any CONFIDENTIAL MATERIAL or CONFIDENTIAL INFORMATION to any COVERED PERSON other than the Court and Court personnel, counsel shall first obtain from each such person a signed WRITTEN ASSURANCE in the form attached hereto as Exhibit "A." Counsel shall maintain a list of all such recipients of CONFIDENTIAL MATERIAL to whom this paragraph applies and the original of every WRITTEN ASSURANCE required pursuant to this paragraph. At the

conclusion of the litigation, the parties shall forward to counsel for CTA each and every signed WRITTEN ASSURANCE and a list of all recipients of CONFIDENTIAL MATERIALS; however, with regard to consultant(s) not identified as expert(s) in this matter, counsel need only provide a copy of the WRITTEN ASSURANCE redacted to remove any reference to the identity of the consultant(s); provided, however, that if CTA has a good faith reason to believe that CONFIDENTIAL MATERIAL or CONFIDENTIAL INFORMATION produced in this case has been improperly disclosed in violation of this Order, then CTA may either request that Counsel for any other party provide the WRITTEN ASSURANCES for non-disclosed consulting experts or may petition the Court to review the WRITTEN ASSURANCES.

## IV.

A.  If any CONFIDENTIAL MATERIAL is filed with this Court, including any pleading incorporating CONFIDENTIAL MATERIAL, the portion of such filing containing CONFIDENTIAL MATERIAL shall be filed in a sealed envelope on which the following legend shall prominently appear:

*Javier Pacheco vs. Continental Tire the Americas, LLC, et al. Cause No. 3:12-CV-267-MMA-WMC*

<u>CONFIDENTIAL - This envelope contains confidential documents and information produced by Continental Tire the Americas, LLC. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.</u>

B.  CONFIDENTIAL MATERIAL may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing or trial when counsel for CTA is present, and the parties agree that confidentiality of the CONFIDENTIAL MATERIALS and CONFIDENTIAL INFORMATION shall continue to the maximum extent permitted by the Court, pursuant to such procedures as the Court may require.

C. All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose CONFIDENTIAL MATERIAL shall be filed under seal and such documents shall not be publicly available, except by further order of this Court.

D. If any party or person who has obtained CONFIDENTIAL MATERIAL under the terms of this Protective Order receives a subpoena or other legal process commanding the production of any such CONFIDENTIAL MATERIAL (the "Subpoena"), such party or person shall promptly notify counsel for CTA of the service of the Subpoena. The party or person receiving the Subpoena shall not produce any CONFIDENTIAL MATERIAL in response to the Subpoena without either the prior written consent of counsel for CTA, or an order of a court of competent jurisdiction. However, CTA shall have the burden of seeking a court order relieving the subpoenaed party or person of the obligations of the Subpoena prior to the return date of the Subpoena, or the subpoenaed person or party shall be relieved of its obligations under this paragraph.

E. The inadvertent production in the course of discovery in this action of any document or information (whether designated as Confidential or not) shall not be deemed to waive the Confidential status of any CONFIDENTIAL MATERIAL or CONFIDENTIAL INFORMATION and whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information shall remain in tact as long as the party producing them, upon discovery of the inadvertent production, notifies the other party or parties of the claim of confidentiality, privilege or other protection or immunity.

V.

Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall deliver to counsel for CTA all CONFIDENTIAL MATERIAL including any copies (except those determined by the Court or agreed by the parties not to be CONFIDENTIAL) which have been disseminated to any COVERED PERSONS.

///

## VI.

In the event counsel for any party, in good faith, disputes the designation of any document as CONFIDENTIAL he or she shall notify counsel for CTA in writing. CTA may then seasonably apply to the Court for a determination that the document is or is not protected pursuant to this Protective Order. Until a final determination by the Court, any disputed document will be treated as CONFIDENTIAL MATERIAL pursuant to this Protective Order. Nothing in the Protective Order shall be construed to alter or shift the burdens of proof and persuasion as they apply to the assertion of privileges or exemptions from public disclosure.

## VII.

This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or any other statute or substantive law applicable to this case.

At the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Protective Order.

## VIII.

The Court may modify this Protective Order sua sponte in the interests of justice. This Protective Order may be subject to further Court orders based upon public policy and other considerations.

DATED: August 30, 2012                     YOKA & SMITH, LLP

                                           BY: _____
                                           WALTER M. YOKA
                                           ANTHONY F. LATIOLAIT
                                           ALICE CHEN SMITH
                                           Attorneys for Defendant, CONTINENTAL TIRE
                                           THE AMERICAS, LLC

| | | |
|---|---|---|
| 1 | DATED: August 30, 2012 | SNELL & WILMER, LLP |
| 2 | | BY: _____ |
| 3 | | ROBERT GIBSON |
| | | JONATHAN MURPHY |
| 4 | | Attorneys for Defendant, FORD MOTOR COMPANY |

DATED: August 30, 2012    HIDEN ROTT & OERTLE, LLP

BY: _____
ERIC OVERHOLT
Attorneys for Plaintiff, JAVIER PACHECO

ORDERED by the Court this 7th day of September, 2012.

_____
JUDGE PRESIDING

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER PACHECO, an individual | CASE NO. 3:12-CV-267-MMA-WMC |
| Plaintiff, | **EXHIBIT A** |
| v. | |
| CONTINENTAL TIRE THE AMERICAS, LLC; FORD MOTOR COMPANY; and DOES 1 through 20, inclusive. | |
| Defendants. | |

### WRITTEN ASSURANCE

I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order agreed to by the parties in the above-captioned matter dated 8-30-12. I understand the terms of said Protective Order and under oath consent to be bound by the terms of said Protective Order, as a condition to being provided access to the Confidential Material and Confidential Information furnished by Continental Tire the Americas, LLC ("CTA"). Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or any Court of competent jurisdiction for the special and limited purpose of enforcing the terms of the Protective Order.

I recognize that all civil remedies for breach of this Agreement are specifically reserved by CTA and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Agreement, I recognize that CTA may pursue all civil remedies available to it as a third-party beneficiary of this Agreement.

DATED: 8-30-12

DAVID V. HIDEN, JR., ESQ.
Name

HIDEN, ROTT & OERTLE, LLP
Firm

2635 CAMINO DEL RIO SOUTH #206
SAN DIEGO, CA. 92108
Address

619-296-5884
Telephone Number

SUBSCRIBED AND SWORN TO ME THIS ____ day of _____, 200____.

_____
Notary Public

_____
My Commission Expires